**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **TOMASA GONZALES** | § | |
| **Plaintiff** | § | **Case No.: _____** |
| **v.** | § | |
| | § | |
| **Jay A. Taylor, PC; and** | § | **COMPLAINT AND JURY DEMAND** |
| **Universal Surety of America** | § | |
| **Defendants** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, TOMASA GONZALES ("GONZALES") brings suit against Defendant Jay A. Taylor, PC ("Taylor"), a debt collection law firm, for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for related claims. Suit is also brought against Defendant Universal Surety of America, the bonding company for Taylor.

**A.    JURISDICTION AND VENUE.**

1.    The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.).  Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.  The Court specifically has jurisdiction over Defendant Universal Surety of America under 28 U.S.C.

1

§ 1367(a) (the federal court's "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties).

2.      Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Hidalgo County, Texas.

3.      Plaintiff is an individual who resides in Hidalgo County, Texas.

4.      Defendant Jay A. Taylor, PC is Texas Corporation, with a principal place of business at 3311 Richmond Ave., Suite 307, Houston, TX 77098. Said Defendant may be served by and through its registered agent Jay A. Taylor, 24 Greenway Plaza Suite 1409, Houston, TX 77046, or, alternatively, at the principal place of business.

5.      Defendant Universal Surety of America is a domestic corporation, with a principal place of business at 5440 Harvest Hill Rd., Dallas, TX 75230. Said Defendant may be served by and through its registered agent C T Corporation System, 350 North St Paul St., Dallas, TX 75201

6.      Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, Defendants Universal is liable for the Texas debt collection claims Plaintiff can bring against Defendants Taylor. Therefore, when this petition refers to liability of Taylor for violations of the Texas debt collection act, that liability refers equally to Defendants Universal.

7.      All conditions precedent necessary to maintain this action have been performed or have occurred.

## B.      STATEMENT OF FACTS

8.      On or about April 28, 2008 Defendant Jay A. Taylor, PC, a debt collection law firm, filed a collection lawsuit against Plaintiff Tomasa Gonzales in Cause No. C-05-08-21. Midland Funding LLC v. Tomasa Gonzales, Justice Court, Precinct 2, Place 1, Hidalgo County, Texas ("the state court action").  The lawsuit was served on May 15, 2008. A true and correct copy of the original petition is attached as Exhibit A.

9.      The sole cause of action in the state court suit was for breach of a written contract, specifically and alleged Visa Aspire credit card.

10.     The lawsuit made misrepresentations as to Plaintiff's legal rights and obligations regarding the debt that formed the basis of the suit.

11.     Texas RioGrande Legal Aid, Inc. ("Legal Aid") filed an appearance on behalf of Ms. Gonzales in the underlying action, and served notice on Taylor. On June 16, 2008 the court in the underlying action granted Legal Aid's motion to transfer venue from JP Precinct 4 to Precinct 2 in Hidalgo County.  Taylor had filed suit in an improper precinct. On June 26, 2008 Legal Aid served Taylor discovery requests. On July 4, 2008 Legal Aid answered Taylor's discovery requests.

12.     Despite having actual knowledge that Ms. Gonzales was represented by counsel, Taylor made an end-run around the legal counsel for Ms. Gonzales and sent her directly a letter dated August 15, 2008 attached as Exhibit B.  The letter included a notice of trial set for August 28, 2008 and asked Ms. Gonzales to call Taylor to discuss the entry of an "Agreed Judgment."

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

13.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

14.     Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

15.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16.     Defendant Taylor is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

17.     The obligation alleged by Defendant Taylor in the underlying action is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     Defendant Taylor's litigation in the underlying action constituted an attempt to collect a debt within the meaning of the federal Fair Debt Collection Practices Act.

19.     Defendant violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation Defendant violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: contacting a consumer when the consumer is represented by counsel; misrepresenting the character, status, and amount of the debt; attempting to collect an amount not permitted by law or contract; threatening to take and actually taking an action prohibited by law; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; and engaging in conduct the natural consequence of which is is to harass, oppress any

4

person.

20.     Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande

Legal Aid, Inc.

**COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq***

21.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted

and realleged herein.

22.     Plaintiff is a "consumer" as that term is defined Tex. Fin. C. § 392.001(1).

23.     Defendant Taylor is a "third-party debt collector" as that term is defined in Tex. Fin. C. §

392.001(7).

24.     The obligation alleged by Defendant Taylor in the underlying action is a "consumer debt"

as that term is defined in Tex. Fin. C. § 392.001(2).

25.     Defendant Universal is the bonding company for Defendant Taylor. Defendant Universal

is liable for the Texas debt collection claims Plaintiff can bring against Defendant Taylor

pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself,.

26.     Defendant Taylor violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act.

By way of example and not limitation, in connection with an attempt to collect a consumer debt

Defendant violated the act by: misrepresenting the character, status, and amount of the debt;

making fraudulent, deceptive, or misleading representations; using an unfair or unconscionable

means to collect a debt; using threats, coercion or attempts to coerce; threatening to take and

actually taking an act prohibited by law; and oppressing, harassing, or abusing a person..

27.     A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of no less than $100.00 *per violation*, and mandatory attorney's fees and cost, and these are so sought. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

28.     Plaintiff also seeks an injunction to prevent or restrain debt collection violations, now and in the future. Tex. Fin. C. § 392.403(a)(1).

## C.     JURY DEMAND.

29.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## D.     PRAYER

30.     For these reasons, Plaintiff asks for judgment against Defendant for the following:

     i.     The above referenced relief requested;

     ii.     Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) and no less than $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).

     iii.     Actual, economic, punitive and exemplary damages within the jurisdictional limits of the court;

     iv.     Attorney fees for attorney Ahmad Keshavarz, not for Texas RioGrande Legal Aid, Inc.

     v.     Costs of court;

    vi.    Prejudgment and post-judgment interest as allowed by law;

    vii.    Costs of suit;

    viii.    General relief;

    ix.    An injunction preventing Defendant from engaging in similar unlawful conduct now and in the future;

    x.    All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,
/s/
Ahmad Keshavarz
ATTORNEY IN CHARGE FOR PLAINTIFF
State of Texas Bar Number: 24012957

The Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com


TEXAS RIO GRANDE LEGAL AID, INC.

By: Christina E. Trejo
Attorney at Law

State of Texas Bar Number: 24003124

Texas RioGrande Legal Aid, Inc.
Houston Office
1010 Waugh Dr.
Houston, Texas 77019
Phone: (713) 528-6798 ext. 2257
Fax: (713) 630-2218
Email: CTrejo@trla.org

# Exhibit A:

**Petition in Underlying Lawsuit**

COPY

No.  C-805-08-21

Midland Funding Llc Assignee Of Action          IN THE JUSTICE COURT
VS.                                             JP PCT2 PL1
GONZALES, TOMASA                                HIDALGO COUNTY, TEXAS

TO:  TOMASA GONZALES
     89 Monte Bello Ln #89
     Edinburg, Tx 78541

THE STATE OF TEXAS
CIVIL CASE CITATION

    YOU ARE HEREBY COMMANDED TO APPEAR before me, BOBBY CONTRERAS,
Justice of the Peace, Jp Pct2 Pl1, Hidalgo County, Texas at 1510 N.
Jackson Rd., Pharr, Texas 78577, then and there to answer the petition
of Plaintiff, filed on 04/30/08 complaining of TOMASA GONZALES,
Defendant(s).

    The nature of the Plaintiff's claim is:  See Attached Petition.
Plaintiff sues for $4,172.20 in damages, $1,126.49 in attorney fees,
costs of court and such other relief to which Plaintiff may be entitled.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your
attorney do not file a written answer with the clerk who issued this
citation by 10:00am on the Monday next following the expiration of ten
days after you were served with this citation, a default judgment may be
taken against you for the relief demanded in the petition.

    ISSUED UNDER MY HAND this 30th day of April, 2008 .

                              BOBBY CONTRERAS or Justice Court Clerk
                              Justice of the Peace Jp Pct2 Pl1
                              Hidalgo County, Texas
*****************************************************************
                         OFFICER'S RETURN
CAME TO HAND this ____ day of _____, 20__ , at ____ o'clock ___.m.
and EXECUTED on the ____ day of _____, 20__ , at ____ o'clock
___.m.  to _____, Defendant, by delivering a true copy of
this citation to Defendant in person at _____
or by Rule 536 by leaving a true copy of the citation, with petition
attached with _____, and individual over the age
of 16 years of age at _____, to
certify which witness my official signature this ____ day of
_____, 20____ .

                              CONSTABLE
                              HIDALGO COUNTY, TEXAS
                              By_____

FILED
TIME:
JUDGE BOBBY CONTRERAS
JUSTICE COURT
PCT. 2, PL.
HIDALGO COUNTY, TX

Cause No. C-805-08-21

| | | |
|---|---|---|
| MIDLAND FUNDING LLC | § | IN THE JUSTICE COURT |
| assignee of | § | |
| ASPIRE VISA | § | |
| | § | |
| | § | PRECINCT 2, PLACE 1 OF |
| v. | § | |
| | § | |
| | § | |
| TOMASA GONZALES | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION
### REQUESTS FOR ADMISSIONS AND
### <u>REQUESTS FOR DISCLOSURE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MIDLAND FUNDING LLC**, Plaintiff herein, and files this, its Original Petition, complaining of **TOMASA GONZALES**, Defendant herein, and for cause of action would respectfully show this Honorable Court:

1.      Discovery is intended to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

2.      Plaintiff MIDLAND FUNDING LLC (hereinafter referred to as MFL) is a Limited Liability Company. Plaintiff's principal place of business is in San Diego, California.

3.      Defendant TOMASA GONZALES is an individual residing in Hidalgo County, Texas, and may be served with process at: 89 MONTE BELLO LN # 89, EDINBURG TX 78541, or wherever the Defendant may be found. Venue is proper in above-captioned county where this action is filed.

**<u>Facts:</u>**

4.      Upon the application and request of the Defendant, ASPIRE VISA issued a credit card to TOMASA GONZALES and extended credit, pursuant to an Account and Security Agreement (credit card agreement).

5.      Pursuant to the Agreement, ASPIRE VISA agreed to loan the Defendant money to finance all purchases or cash advances made by means of the issued credit account up to a predetermined monetary limit. Regular monthly statements were mailed to Defendant and were received by Defendant. These dated,

PURCHASE.DUP
4791070114468794\Our file #:Y6-10291
Data

PCP#155
Separate checks
VER

Page 2

monthly statements contain a description of all credits, payments, extensions of credit for purchases, cash advances, finance charges, late charges, and the amount of the total balance then owed.

Each monthly statement was retained by Defendant without written objection after the period of time provided for in the Agreement to allow an opportunity to object to the credits, payments, purchases, cash advances, finance charges, late charges, or the amount of the total balance then due. Under the terms of the Agreement, Defendant has acquiesced as to the total balance due and has agreed to pay the total balance due contained in the last monthly statement on said account (hereinafter the "Principal").

6.      Defendant defaulted on the Agreement by failing to timely pay the minimum monthly payment due as reflected in the monthly statements mailed to the Defendant. Defendant further defaulted on the Agreement by failing to timely pay the Principal due on the credit card account, for which amount Plaintiff now sues.

**Breach of Written Contract:**

7.      The above-referenced facts show that the Defendant breached the Contract by failing to timely pay the minimum monthly payment due as reflected in the monthly statements mailed to the Defendant by ASPIRE VISA. Defendant further breached the Contract by failing to timely pay the Principal due under the Contract, for which amount Plaintiff now sues.

8.      Any and all conditions precedent to the Contract have been performed or have occurred.

**Damages:**

9.      Though Defendant became bound and obligated to pay Plaintiff the Principal due and owing on the aforementioned written contract, and although often requested to do so, the Defendant has failed and refused and continues to fail and refuse to pay said Principal, for which amount Plaintiff now sues.

10.     Plaintiff is also entitled to post-judgment interest at the highest post-judgment rate of interest allowed by the State of Texas, for which amount Plaintiff now also sues.

11.     Plaintiff's action for breach of contract  constitute a valid claim against the Defendant. Demand for payment has been made on this claim. After the expiration of thirty (30) days following demand, the claim has not been paid or satisfied. Because of these acts and omissions of Defendant, it has become necessary for Plaintiff to employ the services of an attorney to bring and prosecute this suit for Plaintiff and to assert and

PURCHASE.DUP
4791070114468794\Our file #:Y6-10291
Data

PCP#155
Separate checks
VER

Page 3

to protect Plaintiff's rights therein. Plaintiff has so employed the services of Jay Taylor, a duly licensed and practicing attorney in the State of Texas. Plaintiff has agreed to pay said attorney a reasonable and customary fee for his services rendered herein, which Plaintiff alleges to be twenty (20%) per cent of the Principal, for which attorney's fees Plaintiff now also sues.

12.      Pursuant to Rule 198, Texas Rules of Civil Procedure, Plaintiff's First Requests for Admissions are attached herein and the Defendant is requested to admit the truth of each of the matters listed below to admit the genuineness of each of the documents described in and exhibited with the attached requested admissions.

Wherefore, TOMASA GONZALES must deliver answers to the undersigned attorney fifty-one (51) days after the date of service of citation and this petition upon TOMASA GONZALES. Any fact not specifically denied will be deemed admitted fifty-one (51) days after the date of service of citation and this petition upon TOMASA GONZALES.

The facts to be admitted or denied are:

1.      MIDLAND FUNDING LLC is the proper party to bring suit against the Defendant, TOMASA GONZALES.

2.      MIDLAND FUNDING LLC is a Limited Liability Company.

3.      MIDLAND FUNDING LLC is a successor to all of the contractual rights of ASPIRE VISA in the account which forms the basis of this lawsuit.

4.      The Defendant, TOMASA GONZALES, has been sued in the proper capacity.

5.      The Defendant, TOMASA GONZALES, applied for a credit account through ASPIRE VISA, Plaintiff's assignor.

6.      The credit account applied for by the Defendant, TOMASA GONZALES, was issued to TOMASA GONZALES by ASPIRE VISA, Plaintiff's assignor.

7.      True and correct copies of the terms and conditions regarding the use of the credit account by the Defendant, TOMASA GONZALES, are attached to the Original Petition and are marked as an Exhibit.

8.      The Defendant, TOMASA GONZALES, received the terms and conditions regarding the use of the credit account, and agreed to all such terms and conditions by using the account.

9.      The Defendant, TOMASA GONZALES, did not object in writing to any of the terms and conditions regarding the use of the credit account, before using the account.

PURCHASE.DUP
4791070114468794\Our file #:Y6-10291
Data

PCP#155
Separate checks
VER

10.   The Defendant, TOMASA GONZALES, has never objected in writing to any of the terms of conditions regarding the use of the credit account.

11.   ASPIRE VISA, Plaintiff's assignor, billed the Defendant, TOMASA GONZALES, on a monthly basis for the charges made on the credit account by the Defendant.

12.   The Defendant, TOMASA GONZALES, has failed to pay in full the amount owed for the charges made on the credit account by the Defendant.

13.   The credit account statements were mailed monthly to Defendant's residence and truly and accurately reflects the amount charged by the Defendant, TOMASA GONZALES, on its account with ASPIRE VISA with all payments made by Defendant, TOMASA GONZALES, noted thereon.

14.   The amounts reflected on the credit account statements, which were mailed monthly to Defendant's residence, are those amounts agreed to be paid by Defendant, TOMASA GONZALES, in connection with its account with ASPIRE VISA, Plaintiff's assignor.

15.   Defendant, TOMASA GONZALES, received demand for payment of the unpaid balance on its account with Plaintiff, MIDLAND FUNDING LLC, before this lawsuit was filed, but failed to pay the sum demanded.

16.   Plaintiff, MIDLAND FUNDING LLC, gave written notice of the unpaid balance of its claim for $4,172.20 to the Defendant TOMASA GONZALES.

17.   To date, the Plaintiff, MIDLAND FUNDING LLC, has not received any written notice from TOMASA GONZALES that TOMASA GONZALES disputes any portion of MIDLAND FUNDING LLC's claim for $4,172.20.

18.   Prior to filing this lawsuit, the Plaintiff, MIDLAND FUNDING LLC did not receive any written notice from TOMASA GONZALES that TOMASA GONZALES disputes any portion of MIDLAND FUNDING LLC's claim for $4,172.20.

19.   Prior to being served with this lawsuit, TOMASA GONZALES never sent any writing to MIDLAND FUNDING LLC which disputed, in part or in whole, the amount $4,172.20 now alleged by the Plaintiff to be owed.

20.   TOMASA GONZALES owes MIDLAND FUNDING LLC $4,172.20, being the principal amount on TOMASA GONZALES's credit account with ASPIRE VISA.

21.   TOMASA GONZALES has used the credit account issued by ASPIRE VISA, Plaintiff's assignor, to purchase goods and services within one (1) year from the date these Requests for Admissions were received.

22.   The defendant is not a member of any branch of military service with assignments or orders that would give the defendant a right to a delay under the law.

23.   Defendant has no defense to this suit, and judgment should be granted, as prayed for.

24.   Plaintiff should be awarded reasonable attorney's fees to the plaintiff or to plaintiff's attorney of record.

PURCHASE.DUP
4791070114468794\Our file #:Y6-10291
Data

PCP#155
Separate checks
VER

13.    Pursuant to Rule 194, Texas Rules of Civil Procedure, plaintiff requests the following disclosures from the Defendant:

    (a)    the correct names of the parties to the lawsuit;

    (b)    the names, addresses, and telephone numbers of any potential parties;

    (c)    the legal theories and, in general, the factual basis of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trail);

    (d)    the amount and any method of calculating economic damages;

    (e)    the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

    (f)    for any testifying expert:  (1) the expert's name, address, and telephone number; (2) the subject matter on which the expert will testify; (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information; (4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party; (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, employed by, or prepared by or for the expert in anticipation of the expert's testimony; and (B) the expert's current resume and bibliography;

    (g)    any indemnity and insuring agreement described in Rule 192.3(f);

    (h)    any settlement agreements described in Rule 192.3(g);

    (i)    any witness statements described in Rule 192.3(h)

14.    Pursuant to Rule 194.3, Texas Rules of Civil Procedure, the responding party must serve a written response on the requesting party within thirty (30) days after service of the request, except that: (a) a defendant served with a request before the Defendant's answer is due need not respond until fifty (50) days after service of the request, and (b) a response to a request under Rule 194.2(f) is governed by Rule 195.

WHEREFORE, PREMISES CONSIDERED, MIDLAND FUNDING LLC prays that Defendant, TOMASA GONZALES, be cited to appear and answer herein, and that on final hearing hereof, MIDLAND FUNDING LLC have judgment against the Defendant, TOMASA GONZALES, for the following sums:

    1.    Principal due in the amount of $4,172.20;

    2.    $1,126.49 as attorney's fees;

    3.    post-judgment interest at the highest rate of post-judgment interest allowed by the State of Texas, from the date of judgment until paid;

PURCHASE.DUP
4791070114468794\Our file #:Y6-10291
Data

PCP#155
Separate checks
VER

Page 6

4.    all costs of suit; and

5.    for such other and further relief in law or equity to which Plaintiff may be justly
       entitled to receive.

Respectfully Submitted,

**JAY A. TAYLOR, P.C.**

[Original Signed by Jay Taylor]
By:_____
      Jay Taylor
      3311 Richmond Ave, Suite 307
      Houston, Texas  77098
      713/521-9898 Voice
      713-521-9991 Facsimile
      State Bar of Texas # 19703500

**ATTORNEY FOR PLAINTIFF**
**MIDLAND FUNDING LLC**
**assignee of**
**ASPIRE VISA**

PURCHASE.DUP
4791070114468794\Our file #:Y6-10291
Data

PCP#155
Separate checks
VER

Form 425 (TEXAS)

State of Minnesota                )

                                  )  ss
Stearns County                    )

In _____Court

_____Judicial (Circuit/District)

*Midland Funding LLC*
                        Plaintiff
Vs.

GONZALES, TOMASA,
                        Defendant

Affidavit

After first being sworn upon oath, JUDY RICHTER, deposes and states as follows:

1. That I am over the age of 18, of sound mind, and competent to testify.  That I am employed by Midland Credit Management, Inc., servicer of this account on behalf of plaintiff, who is the current owner of, and/or successor to, the obligation sued upon.  Plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's ASPIRE VISA account number 4791070114468794 (Midland Credit Management, Inc. account number 8511255100 to the plaintiff.  I have possession of the books and records of plaintiff pertaining to the account referred to above, and I have personal knowledge of the facts herein from my review of those records.

2. I aver that this claim is: (1) within the personal knowledge of the affiant, (2) just and true; (3) due by the defendant to the plaintiff, and (4) that all just and lawful offsets, payments and credits to this account have been allowed.

3. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc. account number 8511255100, which includes the following information: (1) that the defendant failed to make payments on the account; (2) that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty (30) days prior to making this affidavit; and (3) that the attorneys representing the plaintiff were retained on plaintiff's behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above.

4. That the final statement of account reveals that the defendant owed a balance of $4,172.20 on 2008-03-20; and that such balance will continue to earn interest at a rate of 0.00%% as an annual percentage rate, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment.

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, failed or refused to make payments as demanded.

V6-10291

6. I hereby certify to the clerk of court that the last known mailing address of defendant (s), against whom a judgment is sought, is 89 MONTE BELLO LN # 89, EDINBURG,TX, 78541.

Dated this 21 day of March, 2008.

JUDY RICHTER

_____
Affiant's Signature

State of Minnesota
Stearns County
Subscribed and sworn to (or affirmed) before me on this 21 day of March 2008
by JUDY RICHTER personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Elizabeth Ann Neu
Notary Public-Minnesota
My Commission Expires Jan. 31, 2010

_____
Notary Public for the State of Minnesota

TX10
Jay A. Taylor, P.C.

# Exhibit B:

**Letter Sent to Consumer While Represented by Counsel**

VOICE
713-521-9898
TOLL FREE
1-800-479-5405
FACSIMILE
713-521-9991

THE LAW OFFICE OF JAY A.
**TAYLOR, P.C.**
A PROFESSIONAL CORPORATION
P.O. DRAWER 980609
3311 RICHMOND AVENUE SUITE 307
HOUSTON, TEXAS 77098-3024

www.taylorpc.net

ADMITTED TO THE PRACTICE OF LAW IN:
TEXAS AND LOUISIANA

August 15, 2008

TOMASA GONZALES
89 MONTE BELLO LN # 89
EDINBURG TX 78541

|||…||…|||…|…|…||…|||…||…|||…|…|

| Re: | Cause No. C8050821; *MIDLAND FUNDING LLC v. TOMASA GONZALES* |
| Court: | In the Hidalgo County Justice Court |
| Present Creditor: | MIDLAND FUNDING LLC |
| Original Creditor: | ASPIRE VISA |
| Our file no. | Y6-10291 |
| Type of debt: | CREDIT CARD. |

Dear Ms. GONZALES:

Please find enclosed notice of a trial to be held in the above-referenced action. The trial will be held at 212 N. 12th Ave, Edinburg, Texas 78541 on August 28, 2008 at 10:00. You are required to attend this trial, as it could effect the outcome of your case.

If you wish to avoid the time and expense of pre-judgment appearances before the court, please call my office at 713/521-9898, at least five (5) days before the trial date, and ask for Jose Almodovar. We can discuss entry of an Agreed Judgment in this case, and a payment plan tailored to your needs.

This firm has not advised you or represented your position in any way. **We are attorney debt collectors attempting to collect this debt. Any further information obtained may be used for that purpose.**

Very truly yours,

Jay Taylor
Attorney for MIDLAND FUNDING LLC

Enclosures:   Notice of Trial or Fiat

**P.S.**   **A trial has been set in your case. You can sign an Agreed Judgment to avoid taking the time to attend this trial. Please contact my office if you wish us to send you an Agreed Judgment.**

Cause No. C8050821

MIDLAND FUNDING LLC
assignee of
ASPIRE VISA

v.

TOMASA GONZALES

§
§
§
§
§
§
§

IN THE JUSTICE COURT


Precinct 4, Place 1 OF

HIDALGO COUNTY, TEXAS

## NOTICE OF TRIAL

To:    Defendant TOMASA GONZALES, <u>pro se,</u> 89 MONTE BELLO LN # 89, EDINBURG TX 78541.

**YOU WILL TAKE NOTICE** that a Trial will be held before the Justice Court of Hidalgo County, Texas at 212 N. 12th Ave, Edinburg, Texas 78541 on August 28, 2008 at 10:00. **We are attorney debt collectors attempting to collect a debt. Any further information obtained may be used for that purpose.**

Respectfully Submitted,

**JAY A. TAYLOR, P.C.**

[Original Signed by Jay Taylor]
By:_____

Jay Taylor
3311 Richmond Ave, Suite 307
Houston, Texas 77098
713/521-9898 Voice
713-521-9991 Facsimile
State Bar of Texas # 19703500

ATTORNEY FOR PLAINTIFF
MIDLAND FUNDING LLC
assignee of
ASPIRE VISA

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of Plaintiff's Notice of Trial has been forwarded to all parties listed below by U.S. Certified Mail, Return Receipt Requested, or by facsimile transmission before 5:00 p.m. of the recipient's local time, or by Hand Delivery, on this, the _____ day of August, 2008:

TOMASA GONZALES
89 MONTE BELLO LN # 89
EDINBURG TX 78541